**SMITH v. NALL, Sheriff.**

Court of Appeals of Kentucky.

Oct. 2, 1951.

James T. Hatcher, Paul M. Lewis, Elizabethtown, for appellant.

J. Howard Holbert, Elizabethtown, A. E. Funk, Atty. Gen., W. Owen Keller, Asst. Atty. Gen., for appellee.

CAMMACK, Chief Justice.

This is a habeas corpus proceeding. Curt Smith was committed to Eastern State Hospital for observation under the provisions of KRS 202.120, notwithstanding his demand that he be given a trial by jury to determine his mental condition. This section of the Statutes was embodied in Chapter 16 of the Acts of 1936. The title to that Chapter reads as follows: "An Act to amend Chapter sixteen (16) of the Acts of one thousand nine hundred twenty-eight (1928) by adding after Section seventy-seven (77) thereof and before Section seventy-eight (78) thereof a new section to be entitled Section seventy-seven a (77a) and providing for the temporary commitment for care and observation of persons whose mental condition is so abnormal as to require their temporary commitment for care and observation pending a determination whether or not they are insane."

Chapter 16, under the Acts of 1928, included a provision which is now incorporated in the Statutes as Section 202.080. This section reads as follows: "Jury trial may be had unless waived. In proceeding under this chapter the defendant appearing before the court, or any person interested in the defendant, may demand a trial by jury, which shall be granted as in other cases, unless waived, or the court on its own motion may call a jury to try the case. The court in its discretion may conduct the trial or inquest in chambers."

It is apparent at once that Chapter 16 of the Acts of 1936 was specifically made a part of Chapter 16 of the Acts of 1928. That being true, and since the provisions of KRS 202.080 were made to apply in any proceeding under Chapter 16 of the Acts of 1928, Curt Smith was entitled to have a trial by jury to determine his mental condition. Therefore, it was error for the trial court to refuse to grant him a writ of habeas corpus.